IN RE ESTATE OF BRUNO SCHELLENBERG.
FRANK J. DUFACK, APPELLANT, V. ESTATE OF SCHELLENBERG, APPELLEE.

FILED FEBRUARY 19, 1932. No. 28167.

*Willard E. Stewart*, for appellant.

*W. C. Parriott*, contra.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Frank J. Dufack filed a claim in the county court of Lancaster county against the estate of Bruno Schellenberg to recover $275, that being the purchase price of five shares of stock in the Western Paint & Glass Company which was owned by Schellenberg and from whom the plaintiff purchased the stock January 25, 1928. Plaintiff contends that there was a breach of implied warranty and a failure of consideration in the stock so sold to him. From an order of the county court disallowing his claim, the plaintiff appealed to the district court, where the judgment was affirmed. He now appeals to this court.

A stipulation discloses the following facts. On July 21, 1925, the voting power of the above named company was given to a representative of one of its creditors who operated the business for the benefit of other of the creditors. On May 1, 1928, the entire assets of the company were placed under the control of a committee of the company's creditors to liquidate its affairs. At a later date the assets of the company were sold, but it appears that the stockholders received no part of the proceeds of such sale. The plaintiff testified that, when he purchased the stock, he understood it was of the par value of $500 for the five shares and that he did not know that the company was then under the control of its creditors. No other testimony than that submitted by the plaintiff appears in the record.

The plaintiff cites and relies on section 69-436, Comp. St. 1929. This section, however, is a part of the uniform sales act and refers to an implied warranty as relating to documents of title in the sale of goods and the like, and it does not appear to be applicable to the facts involved herein. And it may be noted that no fraud was alleged by the plaintiff in the sale of the stock to him.

Section 20-1202, Comp. St. 1929, provides:

"No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had be-

tween the deceased person and the witness, unless the evidence of the deceased person shall have been. taken and read in evidence by the adverse party in regard to such transaction or conversation or unless such representative. shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation."

We conclude that when a purchaser of certain corporate stock seeks to recover the purchase price thereof from the estate of the former owner thereof, since deceased, on the ground of a breach of warranty, such purchaser is precluded, under section 20-1202, Comp. St. 1929, from testifying in respect of representations made to him in respect of such stock by the decedent.

Reversible error does not appear herein. The judgment is
AFFIRMED.